IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.: 5:11-CR-CR-6-1-BO

| | |
|---|---|
| UNITED STATES OF AMERICAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES SCOTT SESSOMS, )<br>)<br>Defendant. )<br>_____ ) | O R D E R |

This matter is before the Court on the defendant's motion for additional halfway house time pursuant to 18 U.S.C. § 3624 [DE 47]. For the following reasons the defendant's motion is DENIED.

Defendant sets forth several complaints in his motion to the Court, but essentially requests that his sentence be modified such that he is placed in a halfway house no later than August 5, 2013. 18 U.S.C. § 3582 provides that a district court may modify a sentence previously imposed only under limited circumstances. Specifically, absent special conditions that are not at issue here, a defendant's sentence may only be modified pursuant to Federal Rule of Criminal Procedure 35 or some other statutory authority. Moreover, the district court possesses no inherent authority to modify a sentence. *See United States v. Philips*, 597 F.3d 1190, 1196-97 (11th Cir. 2010). Defendant argues that the basis for modifying his sentence may be found in 18 U.S.C. § 3624. However, § 3624 leaves the discretion to place the prisoner in "conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community" in the hands of the Bureau of Prisons. 18 U.S.C. § 3624(c)(1). As

1

this Court has no discretion or authority to modify the prisoner's sentence in the manner requested his motion is DENIED.

SO ORDERED.

This the 20 day of April, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2